UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                      Case No.  16-17228-LMI

       CARLOS DELGADO,[1]                      Chapter 7

       Debtor.

_____/          Adv. No. _____

MARCIA T. DUNN, Chapter7 Trustee,

       Plaintiff,

v.

CARLOS DELGADO,

       Defendant.

_____/

**COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE**

       Plaintiff, Marcia T. Dunn, as Chapter 7 Trustee of the above referenced Bankruptcy Estate (hereinafter, the "Trustee" or "Plaintiff"), through counsel, sues Debtor/Defendant, CARLOS DELGADO (hereinafter, the "Debtor" or the "Defendant"), pursuant to 11 U.S.C. § 727 and Fed. R. Bankr. P. 7001, and alleges as follows:

**JURISDICTION & VENUE**

       1.      This is an adversary proceeding filed under Federal Rule of Bankruptcy Procedure Rule 7001, et seq., to object to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2), 727(a)(3), 727(a)(4)(D), and 727(a)(6)(A).

       2.      This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334.

       3.      This is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b).

---

[1] The Debtor's last known mailing address is PO Box 133830, Hialeah, FL 33013 and the known residential address is 50 E 61 Street, Hialeah, FL 33013. The last four digits of the Debtor's social security number are 3215. *See* 11 U.S.C. § 342(c)(1).

4.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1409.

## THE PARTIES

5.      Marcia Dunn is the duly appointed Trustee in the underlying Chapter 7 bankruptcy proceeding and authorized to bring this action under 11 U.S.C. § 727(c)(1).  This action is brought solely in Ms. Dunn's capacity as Trustee.

6.      Defendant, Carlos Delgado, is the individual Debtor in the underlying Chapter 7 bankruptcy proceeding.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

7.      On May 20, 2016 (the "Petition Date"), the Debtor, CARLOS DELGADO (the "Debtor"), filed an individual voluntary petition for relief under Title 11, Chapter 7 of the United States Bankruptcy Code (the "Main Case").

8.      On June 13, 2016, the Debtor filed Amended Summary of Assets/Liabilities, and Amended Schedules E/F [D.E. 11, Main Case]

9.      On June 15, 2016, the Debtor's § 341 Meeting of Creditors was held and concluded. Marcia T. Dunn is the duly appointed Chapter 7 Trustee of the Estate (the "Estate").

10.     On June 20, 2016, the Debtor filed Amended Statement of Financial Affairs [D.E. 18, Main Case]

11.     On his *Schedule "A/B"*, among other things, Debtor scheduled real property located at 10935 W Okeechobee Rd Unit 101, Hialeah, FL 33018 (the "Real Property"), claiming a bare legal title only interest, with a scheduled value of $0.00.

12.     Debtor's *Schedule "D"* lists a mortgage held with Wells Fargo Home Mortgage with a loan balance of $99,849.00, secured by the Real Property.

13.     Upon information and belief, the Real Property has substantial equity, and the Estate may have at least a one-half (1/2) interest in the Real Property.

2

14.     On October 24, 2016, the Trustee filed her *Notice of Taking Rule 2004 Examination Duces Tecum* of the Debtor [D.E. 42, Main Case] (the "2004 Examination").

15.     On December 15, 2016, Trustee's counsel conducted the 2004 Examination of the Debtor, inquiring into, among other things, the Real Property, potential transfers by the Debtor to insiders, and other potential assets and claims of the Estate.

**Debtor's Failures to Cooperate, Provide Documents, and Provide Adequate Responses**

16.     During the 2004 Exam, the Debtor was instructed to provide additional documents and information pertaining to issues including but not limited to his ex-spouse, potential transfers to his ex-spouse, father, and other insiders, documents regarding a potential unscheduled bank account, and a potential interest in the Real Property.

17.     Due to Debtor's failure to comply with the requests for documents and information, on January 5, 2017, the Trustee filed a *Motion to Compel Documents from Debtor* (the "Motion to Compel") [D.E. 50], and on January 30, 2017, an Order granting the Trustee's Motion to Compel was entered by the Court (the "Order Granting Motion to Compel") [D.E. 57].

18.     To date, the Debtor has still not complied with any of the documents and information pursuant to the Order Granting Motion to Compel. Debtor has made no attempts whatsoever to communicate with the Trustee regarding the pending issues.

19.     The Debtor has repeatedly failed to cooperate with the Trustee's investigation, including but not limited to providing requested documents, and directly answering questions at his Rule 2004 Examination.

20.     In fact, Debtor has deliberately blocked communications from the Trustee and has effectively obstructed the Trustee's investigation.

21.     The Debtor has an unequivocal obligation to cooperate with the Trustee under Section 521(a)(3), which requires a debtor, in pertinent part, to ". . . cooperate with the trustee as necessary to

3

enable the trustee to perform the trustee's duties under this title." 11 U.S.C. § 521(a)(3).  Section 521(a)(4) further requires a debtor to " . . . surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate. . ." 11 U.S.C. § 521(a)(4).

## COUNT I
### The Debtor Should Not be Granted a Discharge
### Pursuant to 11 U.S.C. § 727(a)(2)

22.     The Plaintiff/Trustee adopts, realleges and reaffirms the allegations contained in Paragraphs 1 through 21 above.

23.     Section 727(a)(2) of the United States Bankruptcy Code provides the following exception to the general discharge provisions:

(a) The court shall grant the debtor a discharge, unless—
 (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
(A) property of the debtor, within one year before the date of the filing of the petition; or
(B) property of the estate, after the date of the filing of the petition;

11 U.S.C. § 727(a)(2) (2015).

24.     Based on the Debtor's actions described above, the Trustee believes and alleges that the Debtor has, with intent to hinder, delay, or defraud a creditor or an officer of the Estate, transferred, removed, destroyed, mutilated, or concealed, or have permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the Debtor, within one (1) year before the date of the filing of the petition and/or property of the Estate, and/or after the date of the filing of the petition.

25.     As a result of the Debtor's transfers and concealments referenced herein, certain assets, namely the Real Property and the Unscheduled Transfer, are now unreachable by the creditors of the Debtor or the bankruptcy estate.

**WHEREFORE**, for the reasons set forth herein, the Trustee respectfully requests the Court deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2), and for such other relief as is just and proper under the circumstances.

**COUNT II**
***The Debtor Should Not be Granted a Discharge***
***Pursuant to 11 U.S.C. § 727(a)(3)***

26.     The Plaintiff/Trustee adopts, realleges and reaffirms the allegations contained in Paragraphs 1 through 21 above.

27.     Section 727(a)(3) of the Bankruptcy Code provides the following exception to the general discharge provisions:

> (a) The court shall grant the debtor a discharge, unless—
> > (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

11 U.S.C. § 727(a)(3) (2015).

28.     The purpose of § 727(a)(3) is to make full financial disclosure a condition precedent to the court's grant of discharge, *see Broad Nat. Bank v. Kadison*, 26 B.R. 1015 (D.N.J.1983), and to insure that the trustee and creditors are supplied with dependable information on which they can rely in tracing the debtor's financial history. *See Matter of Esposito*, 44 B.R. 817 (Bankr.S.D.N.Y.1984).

29.     The Debtor on several occasions failed to produce critical books, records, documents and other information related to his financial affairs, let alone produce sufficient records that comport with the duty required of a Debtor in such circumstances to overcme an objection to discharge under (a)(3). *See e.g. In re Hyder*, 38 B.R. 467 (Bankr.D.Mass.1984).

30.     Debtor's repeated concealment, destruction, and/or failure to keep or preserve records materially impaired the Trustee's ability to administer the estate, to the detriment of the estate and its creditors.

31.     Based on the Debtor's actions described above, the Trustee believes and alleges that the Debtor has failed to keep or preserve books and records from which his financial condition may be ascertained, or the Debtor has concealed or destroyed any records that may have existed.

**WHEREFORE,** for the reasons set forth herein, the Trustee respectfully requests the Court deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3), and for such other relief as is just and proper under the circumstances.

**COUNT III**
***The Debtor Should Not be Granted a Discharge***
***Pursuant to 11 U.S.C. § 727(a)(4)(D)***

32.     The Plaintiff/Trustee adopts, realleges and reaffirms the allegations contained in Paragraphs 1 through 21 above.

33.     Section 727(a)(4)(D) of the Bankruptcy Code provides the following exception to the general discharge provisions:

> (a) The court shall grant the debtor a discharge, unless—
>> (4) the debtor knowingly and fraudulently, in or in connection with the case—
>> (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

11 U.S.C. § 727(a)(4)(D) (2015).

34.     Based on the Debtor's actions described above, the Trustee believes and alleges that the Debtor knowingly and fraudulently withheld from the Trustee and her professionals certain recorded information, including books, documents, records, and papers, relating to the Debtor's property and/or financial affairs.

35.     The information and documentation sought by the Trustee is property of the Estate pursuant to 11 U.S.C. § 541, and subject to turnover pursuant to 11 U.S.C. § 542.

36.     The Debtor's withholding of these records materially impaired the Trustee's ability to administer the estate, to the detriment of the estate and its creditors.

6

**WHEREFORE,** for the reasons set forth herein, the Trustee respectfully requests the Court deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(D), and for such other relief as is just and proper under the circumstances.

## COUNT IV
### The Debtor Should Not be Granted a Discharge
### Pursuant to 11 U.S.C. § 727(a)(6)(A)

37.    The Plaintiff/Trustee adopts, realleges and reaffirms the allegations contained in Paragraphs 1 through 21 above.

38.    Section 727(a)(6)(A) of the Bankruptcy Code provides the following exception to the general discharge provisions:

> (a) The court shall grant the debtor a discharge, unless—
> 　　　　(6) the debtor has refused, in the case—
> 　　　　(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

11 .S.C. § 727(a)(6)(A) (2015).

39.    Based on the Debtor's actions described above, the Trustee believes and alleges that the Debtor knowingly and intentionally disobeyed the Order Granting Motion to Compel.

40.    Because Debtor's noncompliance is not the equivalent of a refusal to comply, courts have concluded that the mere failure or inability to comply with a court order, by itself, does not warrant a denial or revocation of discharge pursuant to § 727(a)(6)(A). *See Noland v. Johnson*, 387 B.R. 728, 749 (Bankr. S.D. Ohio 2008); *Sicherman v. Rivera*, 338 B.R. 318, 329 (Bankr. N.D. Ohio 2006). As an alternative, courts have concluded that a higher standard of proof is needed to demonstrate civil contempt. *See Magack*, 247 B.R. at 410 and *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir.1996) (stating "willfulness is not an element of civil contempt, so the intent of a party to disobey a court order is irrelevant to the validity of a contempt finding.").

41.     After the Motion to Compel was filed, Debtor retained new counsel.  On January 21,

2017, Robert Sanchez, Esq, filed a *Notice of Appearance of Counsel for the Debtor* [D.E. 53].

42.     Although Debtor's Counsel later withdrew from the Main Case [D.E. 59], Debtor was

nonetheless privy to the relief being sought by the Trustee during the time that he was under an

attorney's guidance.

43.     In this case, there is no doubt, and no real dispute, that the Trustee has met her burden

with respect to these elements.

**WHEREFORE,** for the reasons set forth herein, the Trustee respectfully requests the Court

deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(6)(A), and for such other relief as is just

and proper under the circumstances.

Dated: April 14, 2017.              Respectfully submitted,

> **DUNN LAW, P.A.**
> *Attorneys for Plaintiff, Marcia T. Dunn, Trustee*
> 555 Northeast 15th Street, Suite 934-A
> Miami, Florida  33132-1451
> Tel: 786-433-3866
> Fax: 786-260-0269
> Email: michael.dunn@dunnlawpa.com
>
> By:      */s/  Michael P. Dunn, Esq.*
> Michael P. Dunn, Esq.
> Florida Bar No. 100705